IN RE WILL OF JOHN T. SULLIVAN.
MARGARET SULLIVAN, APPELLEE, V. F. EUGENE SULLIVAN ET AL., TRUSTEES, APPELLANTS.
12 N. W. 2d 148
FILED DECEMBER 10, 1943.   No. 31605.

*Ellick, Fitzgerald & Smith,* for appellants.

*Wear, Boland & Nye,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action to compel the trustees of a testamentary trust to pay to the wife and minor child of the named beneficiary sufficient sums for their support and maintenance. The district court found for the plaintiff and ordered the defendant trustees to pay her the sum of $50 a month from and after December 4, 1941. The defendants appeal.

The record shows that the will of John T. Sullivan was admitted to probate on March 23, 1940, and contained the following provisions pertinent to the present controversy: "to my executors hereinafter named, or their successors, or such executor hereof as may be named by the proper court, I give, devise and bequeath the remaining undivided one-fifth thereof, in trust, however, for the use and benefit of my son, Lawrence P. Sullivan, of Omaha, Nebraska, who is an invalid. My said executor or executors shall securely and properly invest and re-invest said trust estate, or any part thereof available for such purpose, in good and valid investments under orders from the county court in which this instrument is admitted to probate, and they shall apply the proceeds or income therefrom for the proper use, support and maintenance of said son, Lawrence P. Sullivan, as the same is received by them or as his needs may require or necessitate, and for that purpose may use and apply any part or portion of the principal of said trust estate from time to time as in their judgment may be required or necessary therefor, they being the sole judges of such necessity

without applying to the courts for authority so to do, and I declare that said executors shall have full and uncontrolled discretion as to the application of said income and trust estate for the uses aforesaid.

"Upon the death of said son, Lawrence P. Sullivan, I devise and bequeath whatever part of said trust estate remains at his death to the heirs at law of my said son as their absolute property."

The record further shows that Lawrence P. Sullivan, the named beneficiary of the trust, is wholly incapacitated and that there is no possibility of his condition improving. At the time of trial he was being cared for in a hospital, the cost of which, together with that of doctors, nurses and supplies, was approximately $300 a month. There is evidence that the life expectancy of the named beneficiary is about ten years. It is not disputed that the value of the trust estate on September 30, 1942, was $14,825.80.

The plaintiff is the wife of Lawrence P. Sullivan. The record shows that her health is such that she is unable to support herself. Plaintiff has two children residing with her, one of which, a daughter, has reached her majority, and the other, a son, was 18 years of age when the case was commenced. At the time of trial the son was earning approximately $100 a month. The evidence is, however, that the son has a physical deformity which requires constant medical care and attention and which limits his earning capacity. Without going into detail, it was upon this state of facts that the defendant trustees failed to provide support and maintenance from the trust fund for the wife and minor son of the named beneficiary of the trust.

The question appears to be one of first impression in this state, and while the courts of other states have passed upon similar cases, their holdings have not been uniform. We think the general rule is that a trust for the support and maintenance of a named beneficiary can be reached to satisfy the claim of a wife or minor child for support against such beneficiary. Restatement, Trusts, sec. 157. This is so, even if the testamentary provision provides that the

trustee is under a duty to support the named beneficiary and the extent of its exercise is left to the judgment of the trustee. Under such a trust arrangement the trustee may be required by the courts to apply at least the minimum amount, which could reasonably be considered necessary for the support of the beneficiary, to the accomplishment of the settlor's expressed purpose. Similarly, if the trustee undertook to apply more than the maximum amount which could reasonably be considered necessary for the beneficiary's support, the proper court will exercise its processes to restrain such an application of the trust funds by the trustee. But within these limits the power of decision rests with the trustee and the court may not properly substitute its judgment for that of the trustee. *In re Moorehead's Estate,* 289 Pa. St. 542, 137 Atl. 802, and cases therein cited. See, also, *Eaton v. Eaton,* 81 N. H. 275, 125 Atl. 433; *Eaton v. Eaton,* 82 N. H. 216, 132 Atl. 10; *Bucknam v. Bucknam,* 294 Mass. 214, 200 N. E. 918.

Defendants call our attention to the following statement in the testator's will with reference to the powers of the trustees: "and I declare that said executors shall have full and uncontrolled discretion as to the application of said income and trust estate for the uses aforesaid." The extent of the discretion conferred upon the trustees is, of course, measured by the settlor's manifestation of intention. We think a correct statement of the law appears in Restatement, Trusts, sec. 187 (j), wherein it is said: "The settlor may, however, manifest an intention that the trustee's judgment need not be exercised reasonably, even where there is a standard by which the reasonableness of the trustee's conduct can be judged. This may be indicated by a provision in the trust instrument that the trustee shall have 'absolute' or 'unlimited' or 'uncontrolled' discretion. These words are not interpreted literally but are ordinarily construed as merely dispensing with the standard of reasonableness. In such a case the mere fact that the trustee has acted beyond the bounds of a reasonable judgment is not a sufficient ground for interposition by the court, so long as the trustee

acts in a state of mind in which it was contemplated by the settlor that he would act. But the court will interfere if the trustee acts in a state of mind not contemplated by the settlor. Thus, the trustee will not be permitted to act dishonestly, or from some motive other than the accomplishment of the purposes of the trust, or ordinarily to act arbitrarily without an exercise of his judgment." And in Restatement, Trusts, sec. 187 (e) it was further said: "If discretion is conferred upon the trustee in the exercise of a power, the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment. The mere fact that if the discretion had been conferred upon the court, the court would have exercised the power differently, is not a sufficient reason for interfering with the exercise of the power by the trustee."

Our conclusion in this respect is that the trustees are obliged to carry out the purposes of the trust, but that they are not bound by the usual standard of reasonableness. Their failure to act at all, however, is no less an arbitrary action on their part. *Roats v. Roats,* 128 Neb. 194, 258 N. W. 264; *In re Estate of Vohland,* 135 Neb. 77, 280 N. W. 241. We are of the opinion, therefore, that the trustees are required to act in respect to providing maintenance and support for plaintiff and her minor son in accordance with the provisions of the testamentary trust as construed herein. They cannot ignore testator's desire that "they shall apply the proceeds or income therefrom for the proper use, support and maintenance of said son, Lawrence P. Sullivan," by refusing his needy wife and son support from the trust fund created for his support. While it may be true that the judgment of the trustees, when exercised, is final and not subject to review by the courts under the wording of this particular trust arrangement, they are nevertheless required to act in respect to providing support for a wife and minor son shown to be in need thereof.

This holding makes it necessary for us to consider the

form of the decree or judgment which can properly be entered in a case of this kind. It appears clear at the outset that the court was without authority to determine the amount of support to which plaintiff was entitled from the trust fund. The settlor of the trust prescribed that this was to be a duty of the trustees and clearly the court has no authority to substitute its judgment for that of the trustees. The court can, in a proper case and by proper proceedings, compel the trustees to carry out the terms of the trust in the manner that the settlor contemplated that they would act. But the court cannot act for the trustee or do anything other than prescribe the minimum or maximum limits within which the trustees must act and compel such action within such limits.

In *Eaton v. Eaton*, 82 N. H. 216, 132 Atl. 10, the court, in dealing with a similar subject, said:

"The trustee having made no payments for the child's support, the court determined what amount was proper therefor, apparently from the time of the divorce, and ordered the trustee to pay it from the fund. In making this order the court erred. The question was whether the trustee had acted reasonably. If it was found he had not, the appropriate order was to require him to do so. His failure to administer the fund properly did not entitle the court to act as a substitute trustee. It was to the reasonable exercise of the trustee's judgment that the determination of the need of support from the fund was committed. The question is one of fact, which the will provides the trustee should decide, and his decision stands if it is a reasonable one. His failure to act for inadequate reason is unreasonable, and, if persisted in, would be ground for his removal by the court appointing him, but not for any court to act in his place.

"The court, in passing on the reasonableness of the trustee's action by way of revision, may find the least amount that a reasonable judgment would allow, and order payment accordingly. The court may also find the most that would be thus allowed, and enjoin payment in excess thereof. But within the limits of reasonableness the trustee alone

may exercise discretion, since that is what the will requires."

While it is true in the *Eaton* case that the trustee was limited in acting by the rule as to reasonableness and that the trustees in the present case were not limited by such a rule, nevertheless, the power of the court, or want thereof, to substitute its judgment for that of the trustees was no different.

"When the court controls the exercise of a power by the trustee, it may do so by directing him to act or refrain from acting; by setting aside the transaction where he has already acted; or by holding him liable for the results of his action or non-action. The court will sometimes remove a trustee or deny or diminish his compensation where he has abused discretion conferred upon him." Restatement, Trusts, sec. 187 (b).

In our opinion the district court erred in entering a judgment for support money in the amount of $50 a month to be paid from the trust fund. If the wife and minor son were in need of support as the court found, the district court should have entered a decree pointing out the duties of the trustees under the will and directing that they proceed to act in accordance therewith. If and when the trustees proceed to act as required by the trust provisions in the will and as directed by the court, whether their action meets the requirements of the will raises a question which is not now before the court. The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in accordance with this opinion.

REVERSED.