William H. Harkness et al., Appellants, v. Central Nebraska Public Power and Irrigation District, Appellee.

48 N. W. 2d 385

Filed June 14, 1951.  No. 32998.

*Bannister & Deines,* and *Smith Brothers,* for appellants.

*R. O. Canaday, Johnson & Stuart,* and *Beatty, Clarke, Murphy & Morgan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action brought by the plaintiffs against the defendant to recover damages to crops caused by the construction of a system of canals, reservoirs, and incidental structures by the defendant, and the impounding of large amounts of water through the canals into the reservoirs. As a result of such construction and operation by the defendant water has seeped from the reservoirs and canals toward and under the property of the plaintiff, destroying the value of the soil and causing damage to the growing crops alleged to have been caused solely by water escaping from the defendant's works.

The plaintiffs' amended petition set forth four alleged causes of action on the basis heretofore mentioned. On

November 20, 1950, the defendant demurred to the amended petition on the ground that it did not state a cause of action, and prayed its dismissal. On December 13, 1950, the trial court sustained the demurrer of the defendant to the plaintiffs' amended petition. On December 23, 1950, the plaintiffs filed a motion for a new trial in which they asked for rehearing on the demurrer sustained by the trial court on the ground that dismissing of the plaintiffs' cause of action was contrary to law. On January 11, 1951, the plaintiffs filed notice of appeal to this court. The motion for new trial and rehearing is still pending in the district court for Dawson County.

The defendant moves this court to dismiss the appeal for the reason that the record herein shows that no final appealable order, judgment, or decree has been entered in the cause in the district court for Dawson County which court still has jurisdiction of the cause, there being no final adjudication or final order, judgment, or decree entered by the district court from which an appeal to this court can be prosecuted.

Section 25-1911, R. R. S. 1943, provides: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record."

Section 25-1912, R. R. S. 1943, insofar as necessary to state here, provides for the filing in the office of the clerk of the district court in which a judgment, decree, or final order was rendered, within one month after the rendition of the same, or the making of such final order, or within one month from the overruling of a motion for new trial in said cause, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record.

Section 25-1902, R. R. S. 1943, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application

in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

As stated in Anson v. Kruse, 147 Neb. 989, 25 N. W. 2d 896, citing Smith v. Sahler, 1 Neb. 310, "A decree to be final must dispose of the whole merits of the case, and leave nothing for the further consideration of the court. An order is final when it affects a substantial right and determines the action. * * * When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, as in this case, it is interlocutory." See, also, Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35. N. W. 2d 116.

This court has not passed upon the precise question presented, however, we believe the principle adopted in McGerr v. Marsh, 148 Neb. 50, 26 N. W. 2d 374, is controlling and decisive of the proposition under consideration. In the cited case this court held: "If a motion for a new trial is filed in a case in which a judgment of dismissal was entered before any evidence was taken, then under section 25-1912, R. S. 1943, the time for taking an appeal to this court begins to run from the date of the entry of the order overruling such motion for a new trial." The court further said: "If the defeated litigant desires to give the trial court an opportunity to correct his judgment, if he has made an error, by filing a motion for a new trial or rehearing, it is our opinion that the time for appeal to this court should not be cut off until that motion has been overruled by the district court, and it stands to reason that the rule should be uniform in all cases." The phrase "in all cases" applies both in actions at law or suits in equity.

The general rule as stated by text writers is that a pending motion for a new trial seasonably filed keeps the cause in the trial court and so long as it remains undisposed of there can be no final judgment within

the meaning of the statutes regulating appeals. As soon as a motion for a new trial is filed the district court's jurisdiction over the case is retained and continued.

During the pendency of a motion for a new trial no appealable order is considered as having been rendered until the motion for a new trial is disposed of.

In the light of the foregoing authorities, and for the reasons given in this opinion, the motion to dismiss the appeal filed by the defendant should be sustained.

APPEAL DISMISSED.