IRIS A. SMITH, APPELLANT, V. RICHARD D. SMITH, APPELLEE, AND
NORWEST BANK NEBRASKA, N.A., BOTH FOR ITSELF AND AS
TRUSTEE OF THE VERN W. SMITH FAMILY TRUST AND AS TRUSTEE
OF THE OPAL L. SMITH FAMILY TRUST, GARNISHEE-APPELLEE.

517 N.W.2d 394

Filed June 24, 1994.    Nos. S-92-797, S-92-798.

Neil W. Schilke and Bradley E. Nick, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellant.

Keith Miller and Martin P. Pelster, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., for garnishee-appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and WRIGHT, JJ.

PER CURIAM.

This opinion involves two appeals which arise from consecutive cases regarding the same matter.

In case No. S-92-798, the initial action, the plaintiff, Iris A. Smith, appeals from an order of the district court for Douglas County which held that the assets of two trusts held in favor of her former husband, Richard D. Smith, were not available for garnishment for the purpose of paying the former husband's child support arrearage. The plaintiff claims that under the terms of the trusts and applicable precedent, the trusts may be reached for the purpose of paying a support obligation.

In case No. S-92-797, the subsequent action, the plaintiff appeals from the order of the district court for Douglas County which granted the motion of the trustee, Norwest Bank Nebraska, N.A. (Norwest), to quash her application.

## APPLICATION TO DETERMINE LIABILITY OF GARNISHEE

In consideration of the motion, the trial court found that "the legal questions proffered by the parties [were] basically the same as [had been] decided by the court" in the initial action.

Richard and Iris Smith were married in 1956 and divorced in 1965. The marriage produced three children. The divorce

decree granted custody of the children to Iris and ordered Richard to pay child support in the amount of $40 a week. Richard has never made any payments. The total amount due, with interest, is more than $90,000.

The trusts in issue were established by Richard's parents, Opal L. and Vern W. Smith. The provisions of the trusts which pertain to this case are nearly identical. The trust created by Vern states:

(a) Until the death of my son Richard the Trustee shall pay over to, or for the benefit of, any one or more of the living members of a class composed of my son Richard and his issue, so much of the net income and principal of the trust as the Trustee shall deem to be in the best interests of each such person, from time to time. Such distributions need not be made equally unto all members of the class. In determining the amount and frequency of such distributions, the Trustee shall consider that:

(1) The primary purpose of the trust is to provide for the health, support, care and maintenance of my son Richard during his lifetime.

(2) The secondary purpose of the trust is to provide for the health, support, care, comfort and education of the issue of my son Richard in the event the parents of any such issue are unable to provide the same [hereinafter referred to as the support provision].

The trusts also provide that the corpus of each trust in existence at the time of Richard's death should be distributed to his issue then living.

Another provision of the trusts grants power to the trustee. In Vern's trust, this provision states, in pertinent part:

The Trustee shall have full, absolute and uncontrolled discretionary power and authority to exercise or fail to exercise any and all of the powers, rights and authorities provided under this Declaration of Trust without license, leave or order of any court. All decisions made in good faith pursuant to discretionary powers and authorities herein conferred upon the Trustee shall be final and conclusive upon all beneficiaries hereunder [hereinafter referred to as the discretionary provision].

The plaintiff filed the initial action on May 28, 1991, in an attempt to garnish assets in the possession of Norwest. During the course of the action, the garnishee, Norwest, indicated in interrogatories that it was indebted to Richard in the amount of $1,721.83. Norwest did not report that it was the trustee for the Smith trusts held for the benefit of Richard. On June 24, the trial court entered an order directing Norwest to pay funds into the court which were applied to the arrearage. Norwest complied with the order. On that same day, the plaintiff filed an application to determine the liability of the garnishee with respect to the trusts.

The trial court held a hearing on the application on August 7, 1991. The trial court found that the trusts were discretionary trusts, rather than support trusts, and, as such, beyond the reach of creditors. The trial court dismissed the initial action, and the plaintiff filed a motion for a rehearing or for a new trial.

During the time that the trial court was considering the motion in the initial action, Richard was held in contempt of the district court for Dodge County for failure to heed the divorce decree. The contempt order allowed Richard to purge himself of contempt by paying the arrearage or by demanding that the trustee pay the arrearage with trust assets. Shortly thereafter, Richard explained to Norwest that the contempt charge was having detrimental effects on his health and requested Norwest to pay the arrearage. Norwest refused.

The plaintiff then filed the subsequent garnishment action against Norwest and, in conjunction with that action, filed a second application to determine the liability of the garnishee with respect to the trusts. Norwest filed a motion to quash the application. The trial court granted the motion to quash, and the plaintiff filed a motion for a rehearing. The court denied the motions for rehearing of both garnishment actions in August 1992, and these appeals followed.

## APPEAL FROM INITIAL GARNISHMENT ACTION, NO. S-92-798

In the initial action, the plaintiff asserts that the trial court erred (1) in holding that the trusts were not subject to

garnishment for the payment of Richard's child support obligation, (2) in finding that the trusts were discretionary trusts, (3) in dismissing the garnishment action, and (4) in overruling the motions for a new trial or a rehearing.

The facts are not in dispute in this case. The trial court based its holding solely on the legal conclusion that the trusts were discretionary trusts. Interpretation of the language of a trust is a matter of law. *Burch v. George*, 7 Cal. 4th 246, 866 P.2d 92, 27 Cal. Rptr. 2d 165 (1994). Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993).

The primary rule of the construction of trusts is that a court must, if possible, ascertain the intention of the testator or creator. *Karpf v. Karpf*, 240 Neb. 302, 481 N.W.2d 891 (1992). It is also the rule that in interpreting a trust, the entire instrument, all its parts, and its general purpose and scope are to be considered; no parts are to be disregarded as meaningless if any meaning can be given them consistent with the rest of the instrument. *Id.*

The Smith trusts contain provisions which are in conflict under the facts of the case. The discretionary provision allows the trustee essentially unlimited freedom in controlling trust assets; the support provision limits the trustee's power to apply trust assets. Generally, courts have held that support trusts may be reached by creditors for support-related debts, but that discretionary trusts may not be reached by creditors for any reason. Evelyn G. Abravanel, *Discretionary Support Trusts*, 68 Iowa L. Rev. 273 (1983).

Norwest promotes the interpretation of the trusts that was adopted by the trial court, which interpretation gives effect to the discretionary provisions of the trusts and nullifies the support provisions of the trusts. Norwest argues that a judgment creditor has no greater right against a garnishee than that possessed by a judgment debtor. See *Action Heating & Air Cond. v. Petersen*, 229 Neb. 796, 429 N.W.2d 1 (1988). Norwest claims that Richard cannot compel Norwest to make payments from the trusts and, as a creditor, neither can the plaintiff. Conversely, the plaintiff would interpret the trusts such that the

support provisions would be given effect and the discretionary provisions would be inoperative. Neither of these interpretations is correct. The trusts should not be construed as either type of trust but as a hybrid of the two types of trusts: a discretionary support trust. See, *Lang v. Com., Dept. of Public Welfare*, 515 Pa. 428, 528 A.2d 1335 (1987); Abravanel, *supra*.

This court interpreted a discretionary support trust in *In re Will of Sullivan*, 144 Neb. 36, 12 N.W.2d 148 (1943). In *In re Will of Sullivan*, the wife of a beneficiary of a trust filed suit against the trustee to obtain the proceeds of the trust. The trial court determined that the wife could compel the trustee to make support payments of $50 per month to her. On appeal, this court stated that the wife was in need and entitled to support payments, but that the court could not determine the amount of those payments. The court stated that the discretionary language served to dispose of the reasonableness standard to which support trustees were held. The cause was remanded with directions that the trial court order the trustee to make payments in accord with the language of the trust.

We find that *In re Will of Sullivan* does not stand for the proposition that in all cases the dependents of a beneficiary of a discretionary support trust can compel a trustee to make payments for their benefit. We interpret the case to mean that the trustee of a discretionary support trust can be compelled to carry out the purposes of the trust in good faith.

As indicated by the language of the trusts, the settlors' purpose in creating the trusts was not only to support the beneficiaries of the trusts, Richard and his issue, but also to grant the trustee greater liberty in decisionmaking than the trustee of an ordinary support trust. These purposes must be served by Norwest as the trustee of the Smith trusts. In *In re Will of Sullivan, supra*, we stated:

"The settlor may, however, manifest an intention that the trustee's judgment need not be exercised reasonably . . . . [Words which purport to give trustees unlimited discretion] are not interpreted literally but are ordinarily construed as merely dispensing with the standard of reasonableness. . . . Thus, the trustee will not be permitted to act dishonestly, or from some motive other than the

accomplishment of the purposes of the trust, or ordinarily to act arbitrarily without an exercise of his judgment." 144 Neb. at 39-40, 12 N.W.2d at 150. Accord Restatement (Second) of Trusts § 187, comment *j*. (1959).

Ordinarily, the trustee of a discretionary support trust should consider factors such as the degree of need experienced by the beneficiaries, the standard of living experienced by the beneficiaries at the time the trust was created, and the financial relations between the settlor and the beneficiaries prior to the formation of the trust. Abravanel, *supra*. In this case, however, the payment of the child support arrearage would not further the purposes of the trusts, since the children are emancipated. Without a showing that the payment of the arrearage would contribute to the support of the beneficiaries of the trusts, Norwest could not be compelled to distribute trust assets.

The trial court correctly ruled that the plaintiff was not entitled to payment of Richard's child support arrearage from the Smith trusts. The trial court incorrectly ruled that the trusts were discretionary trusts and beyond the reach of creditors and beneficiaries alike. We direct that the judgment of the trial court be modified to reflect the reasoning of this opinion, and we affirm the judgment as so modified.

## APPEAL FROM SECOND GARNISHMENT PROCEEDING, NO. S-92-797

The parties agreed at oral argument that the appeal from the ruling in the subsequent action was of no effect if the ruling in the initial action was affirmed as written. Given our modification of that ruling such that the trusts are no longer considered pure discretionary trusts, we will address the issues raised in this appeal.

The plaintiff asserts that the trial court erred in granting the motion to quash. The trial court order does not specify the reason for the granting of the motion, but, given its language, the order could have been based on the principles of either res judicata or summary judgment. We will analyze both theories.

The doctrine of res judicata bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered

by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *De Vaux v. De Vaux*, 245 Neb. 611, 514 N.W.2d 640 (1994); *Kerndt v. Ronan*, 236 Neb. 26, 458 N.W.2d 466 (1990). To analyze Norwest's res judicata defense, we must determine whether a judgment is final when a motion for a rehearing of the matter is under consideration.

The ruling of the trial court in the initial action was not a final decision for the purposes of appeal as defined by Neb. Rev. Stat. § 25-1902 (Reissue 1989). A ruling is final when no further action of the court is required to dispose of the cause pending. *Lake v. Piper, Jaffray & Hopwood, Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982). A trial court must rule on a motion for a new trial before an appeal can be perfected. *Harkness v. Central Nebraska Public Power & Irrigation Dist.*, 154 Neb. 463, 48 N.W.2d 385 (1951). Because the initial action was not final for the purposes of appeal, we hold that the trial court was incorrect if it quashed the subsequent action as barred by res judicata.

This court has addressed an analogous procedural situation. In *Fassler v. Streit*, 92 Neb. 786, 139 N.W. 628 (1913), the court held that a supersedeas bond and an appeal from a trial court ruling rendered the ruling inadmissible as evidence of a final adjudication. In the present case, the plaintiff could not file either an appeal or a supersedeas bond prior to the commencement of the subsequent action due to the motion which was under consideration. Norwest might properly have disposed of the action by filing a plea in abatement, but since no plea was filed, we need not address its merits.

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue of material fact or as to the ultimate inferences to be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Dahlke v. John F. Zimmer Ins. Agency*, 245 Neb. 800, 515 N.W.2d 767 (1994); *Dalton Buick v. Universal Underwriters Ins. Co.*, 245 Neb. 282, 512 N.W.2d 633 (1994). On appellate review of a summary judgment, the court views the evidence in

a light most favorable to the party against whom judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Dahlke, supra*; *Rowe v. Allely*, 244 Neb. 484, 507 N.W.2d 293 (1993).

The plaintiff asserts that material issues of fact exist regarding Norwest's duty to make a distribution of the trust assets. The plaintiff claims that under the facts detailed in the hearing to determine Norwest's liability, the trier of fact could compel Norwest to pay trust assets under the terms of the trusts. We acknowledge that the possibility exists in this case. At the hearing, the plaintiff introduced evidence of Richard's written request that the arrearage be paid by the trusts. The plaintiff also introduced uncontroverted expert testimony that the stress stemming from the contempt charge was detrimental to Richard's health. As trustee, Norwest should not be allowed to dismiss the expert testimony without examination. Norwest should consider the terms of the trusts and the circumstances of the beneficiaries. Norwest should then make a good faith determination regarding payment of the arrearage.

Accordingly, the judgment of the district court in granting the motion to quash is reversed, and the cause is remanded for further proceedings consistent with this opinion.

JUDGMENT IN NO. S-92-798 AFFIRMED AS MODIFIED.

JUDGMENT IN NO. S-92-797 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BOSLAUGH, J., participating on briefs.

LANPHIER, J., not participating.