IN RE ESTATE OF HENRY MOWINKEL.
LASSETTA SPECKLES, APPELLANT, V. GEORGE O. MOWINKEL, EXECUTOR, APPELLEE.

FILED NOVEMBER 22, 1935. No. 29364.

*Joseph E. Strawn* and *Hugh A. Myers*, for appellant.

*Nickerson & Nickerson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a controversy over the distribution of $5,000 belonging to the estate of Henry Mowinkel, Sr., who executed his will June 21, 1930, and died September 22, 1932. The will was probated October 17, 1932, and George O. Mowinkel was appointed executor. Testator left surviving him his widow, Margareta Mowinkel, and eight adult children, his only heirs at law. The sons were Fritz Mowinkel, George O. Mowinkel, and Henry M. Mowinkel. The daughters were Christine Jungjohann, Jettie Voss, Dora Delfs, Lillian Schneider, and Lassetta Speckles.

The first, second, third and fourth bequests in that order were as follows: To the widow, $50 a month for life without otherwise sharing in the estate; to Christine Jung-

johann, $2,000; to Jettie Voss, $5,000; to Dora Delfs, $5,000. A copy of the fifth paragraph of the will follows:

"I direct that the sum of Five Thousand ($5,000) Dollars be set aside by my executor, and the interest accruing thereon during the lifetime of my daughter Lassetta Speckles shall be paid to her. In case her husband, Harry Speckles, be living at the time of her death, the interest on said Five Thousand Dollars shall be paid to him during the balance of his life. And at the death of both my daughter and her husband Harry, the said $5,000 shall be divided equally among my children then living, or their lawful issue by right of representation. At the option of my executor the said $5,000 may be invested in some sound investment approved by the court, but I would prefer that the investment be made with some reliable insurance company."

The husband of Lassetta Speckles died before testator. Prior to the order probating the will, the widow and all the children of testator, except Lassetta Speckles, assigned to the latter, by a formal written instrument, the estate in remainder under the fifth paragraph of the will and directed the executor by stipulation to turn over to her the $5,000. Lassetta Speckles, plaintiff herein, accepted the assignment, acquiesced in the family settlement as to the fifth paragraph of the will and applied to the county court for an order conforming to the agreed plan of distribution. The executor objected to the making of an order on him to pay the $5,000 to plaintiff on the ground that the heirs were without power to thus terminate her life estate and extinguish the testamentary trust, contrary to the terms of the will. The county court sustained the objections and plaintiff appealed to the district court where the judgment of the county court was affirmed. From the affirmance below she appealed to the supreme court.

Lassetta Speckles, plaintiff, in support of her assignments of error, argued the following propositions: The property interest of the other heirs in the $5,000 was a vested remainder which they had a right to alienate or

assign; that a unanimous family agreement or settlement may vary the provisions of the will; that the assignment to plaintiff and the family agreement or settlement merged the life estate and the estate in remainder, plaintiff acquiring both and being entitled to the immediate possession of the $5,000 in the hands of the executor.

For the purpose of determining the questions presented, it may be assumed that the interest of the remaindermen was a vested estate, under the principles announced in *Drury v. Hickinbotham,* 129 Neb. 499, 262 N. W. 37, and that, as a general rule, family agreements or settlements may provide for the distribution of testator's estate in a manner at variance with terms of the will. Cases supporting the general rule are cited in a note in 97 A. L. R. 469. It does not necessarily follow, however, that legatees may by means of a family agreement or settlement destroy or extinguish a testamentary trust created by will or transfer a present right of possession which they do not have. An exception to this general rule, or part of it, was recently stated by an annotator as follows:

"The beneficiaries under a will cannot, however, agree to modify or destroy a trust provision therein." 97 A. L. R. 471, citing *Farwell v. Carpenter,* 161 Ia. 257, 142 N. W. 227; *Davenport v. Sandeman,* 204 Ia. 927, 216 N. W. 55.; *Re Noble,* 141 Kan. 432, 41 Pac. (2d) 1021, 97 A. L. R. 463.; *Parker v. Broadus,* 128 Miss. 699, 91 So. 394; *Brady v. Hanson,* 123 N. Y. Supp. 645; *Madden v. Shallenberger,* 121 Ohio St. 401, 169 N. E. 450; *Cowie v. Strohmeyer,* 150 Wis. 401, 484, 136 N. W. 956, 137 N. W. 778.

This exception to the general rule is based on sound principles of public policy. A testator has a sacred right to dispose of his property by will and may do so without giving reasons for his bequests or for his restrictions thereon. For the purpose of the will, testator in the present instance had a lawful right to divide $5,000 into two estates—life estate and estate in remainder. His intention is perfectly clear. He created a testamentary trust. He specifically directed that $5,000 be set aside by his

executor, and that the interest thereon be paid to plaintiff, a daughter, during her life, the fund to be invested with the approval of the court. At her death, her husband having died before testator, the 5,000-dollar fund is to be divided equally among testator's children then living, or their lawful issue by right of representation. No legatee had, in the trust fund, any interest that did not come through the will. Under that instrument, the owner of the life estate, the owners of the estate in remainder and all the heirs combined had no right to immediate possession of the $5,000. The present right of possession was granted by the will to the executor, the trustee. As brother and remainderman he assigned his interest in the remainder to his disappointed and tearful sister, but as trustee he declined to abandon his trust under his father's will. Under it plaintiff was never to receive the $5,000. The assignment and the family settlement were futile attempts of the remaindermen to transfer to the owner of the life estate a present right of possession, which they never had, to terminate the life estate of plaintiff and to extinguish the testamentary trust, contrary to the plain letter of the will.

While, as a general rule, a family settlement may provide for disbursement of the estate of testator in a manner at variance with his will, a valid, unexecuted testamentary trust cannot thus be modified or destroyed. In these views of the law and the facts, both the county court and the district court reached the right conclusion.

AFFIRMED.