## FREDERICK PEITER ET AL. v. ERNEST B. DEGENRING, TRUSTEE (ESTATE OF HERMINE PEITER)

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 79792

Memorandum filed July 19, 1949.

*Richard I. Steiber,* of Bridgeport, for the Plaintiffs.

*Maurice J. Magilnick,* of Bridgeport, for the Defendant.

ALCORN, J. The life tenant and remaindermen of a trust bring this action against the trustee to terminate the trust.

The testatrix died on April 25, 1948, leaving a will which has been duly admitted to probate, dated October 2, 1947. In the will she left all of the residue of her estate in trust to pay so much of the income and principal as might be necessary for the support and comfort of her brother, using the income first, and at his death the residue is to be distributed to five named cousins in equal shares.

The complaint alleges that the estate has been settled and the trust duly established, consisting of personal property amounting to $52,268.19. It is then alleged that the plaintiff's brother, the life tenant, is seventy-eight years old, retired, and that he has a personal estate the annual income of which is greatly in excess of his annual needs for his comfort and support. Then comes the significant paragraph 9 of the complaint, which alleges: "All of the Plaintiffs, having in mind the fact that under the terms of the Will there is no possibility that the Plaintiff, Frederick Peiter, will be entitled to receive any monies from the trustee at any time and has not been entitled to or received any monies to date, desire the trust terminated forthwith in the following manner. A. The trustee to pay the Plaintiff, Frederick Peiter, the sum of $10,000.00 in consideration for a full release of any interest in

said trust fund which the said Frederick Peiter now has or may have in the future. B. Distribution of the remaining assets of said trust fund, after all administration costs and expenses of this suit have been paid, equally among the remaining Plaintiffs, the remaindermen under the Will. C. Discharge of the trustee upon presentation of his account to the Probate Court for the District of Fairfield and its acceptance."

It is finally alleged that the distribution as set forth in the quoted paragraph will effect all of the purposes intended to be accomplished by the testatrix.

The plaintiffs request judgment under a stipulation signed by counsel for all parties that the allegations of the complaint are true, that judgment should be entered in accordance with the quoted paragraph, and that counsel fees in specified amounts be allowed to counsel for all parties, together with expenses of the action.

The parties talk about a termination of the trust but actually seek more than that. A termination, without more, would be a decree ending the life estate and distributing the res to the remaindermen. Instead of that, the parties have evidently worked out a mutually satisfactory division of the corpus of the trust under which they propose to pay counsel fees and expenses, give the life tenant $10,000 in cash, and divide the rest among the remaindermen. The complaint hardly furnishes justification for paying the life tenant "$10,000.00 in consideration for a full release of any interest in said trust fund," in view of the allegation immediately preceding, in paragraph 9, that there is "no possibility" that the life tenant "will be entitled to receive any monies from the trustee at any time and has not been entitled to or received any monies to date."

This will was drawn less than two years ago and only about six months before the testatrix died. "The function of the court with reference to trusts is not to remake the trust instrument, reduce or increase the size of the gifts made therein or accord the beneficiary more advantage than the donor directed that he should enjoy . . ." Hills v. Travelers Bank & Trust Co., 125 Conn. 640, 648. If a contest existed concerning the will or trust, a decree in accordance with a compromise stipulation might be justified. Warner v. Warner, 124 Conn. 625, 631; 3 Scott, Trusts, § 337.6. No contest exists, however, and, with due regard for the paramount importance of the testatrix' wishes, the beneficiaries cannot have judicial aid in parceling out this fund

in a way more satisfactory to them than the way the testatrix specified. *In re Estate of Mowinkel,* 130 Neb. 10; 97 A. L. R. 471. For this reason and without considering whether the elements are otherwise present for the termination of the trust, a decree in accordance with the stipulation is refused.

Judgment may enter accordingly.