HAZEL CAHILL ET AL., APPELLANTS, v. LEO J. ARMATYS ET AL., APPELLEES.

177 N. W. 2d 277

Filed May 15, 1970. No. 37462.

William L. Walker and Earl Ludlam, for appellants.

Charles H. Phares and Sampson & Armatys, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

The appellants, who are daughters of Fred H. Garbers, deceased, brought this action to construe his last will and testament, which was admitted to probate September 23, 1968.

The questioned provisions of the will are as follows: "II. I do hereby give, devise and bequeath all of my real estate to my daughters Caroline Green and Hazel Cahill, in trust, nevertheless, for the following uses and purposes.

"(a.) To hold, manage, control and lease upon such terms as my trustees deem best, all of my real property until such time as it is sold as hereinafter provided.

"(b.) To pay to my daughters Caroline Green and Hazel Cahill, their heirs or assigns, in annual payments to be made on or before December 31, the net income and profits from said trust estate, in equal shares; and to pay to my said daughters Caroline Green and Hazel Cahill, their heirs or assigns, upon the sale of any of my real estate as hereinafter provided, the net proceeds of said sale, in equal shares.

"(c.) To sell all or any part of my real estate for such prices and upon such terms of credit or otherwise, and in such manner as my trustees may deem best, and to execute and deliver to the purchaser or purchasers, all necessary or proper deeds or other instruments of conveyance and transfer thereof. No purchaser from my said trustees need see to the application of the purchase money for or to the purposes of trust, but the receipt of my said trustees therefor shall be a complete acquittance and discharge.

"(d.) In the event of the death of either of my said trustees, the surviving trustee shall be vested with the same powers, rights, privileges and obligations herein given to my said trustees; provided, however, said surviving trustee shall sell all remaining assets of my trust estate as soon as practicable, and within one year after her succession to sole trusteeship, at public sale, for cash, and shall execute and deliver to the purchaser or purchasers all necessary or proper deeds or other instruments of conveyance and transfer thereof, and shall divide the net proceeds of sale into two equal parts, and pay one part thereof to my surviving daughter, and one part to the children of my deceased daughter, per stirpes and not per capita."

In addition to the above, the following is pertinent: "* * * I do hereby give and bequeath to William G. Molleran, husband of my deceased daughter, Marie Molleran, the sum of $2,000.00 in cash, to be paid to him by the trustees named in my said last will and testament, within 60 days after sale of my real estate as provided in said last will and testament. This bequest shall not draw interest if paid within 60 days after the date of sale of said real estate."

On December 20, 1968, appellants as trustees conveyed the title to the real estate involved in the trust referred to above to themselves in fee simple, as tenants in common. The legacy provided for William G. Molleran has never been paid. The appellees herein are

the duly qualified and acting executors of the last will and testament of Fred H. Garbers, deceased, and the minor children of Hazel Cahill, one of the appellants, who are represented herein by Charles H. Phares, their duly appointed guardian ad litem.

It is the position of the appellants that the trust set up by the will is a dry passive trust and is invalid and void. The trial court held the trust to be a valid and active one; decreed that the deed executed by the parties conveying the real estate to themselves was null and void; and quieted title to it in appellants as trustees.

In determining whether or not a trust has been created by a will, the intent and purpose of the testator as disclosed by the language used is to be ascertained and given effect if not contrary to law or public policy. Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510.

A trust is ordinarily passive if there is no separation of the equitable and legal interest. In order that there may be a valid trust created by will, there must be a trustee, an estate devised to him, and the trustee and beneficiary must be separate and distinct entities. However, this exception does not apply if there is more than one trustee and the trustees and the beneficiaries are identical. Jones v. Shrigley, *supra.* Consequently, the fact that the trustees and the beneficiaries are identical is of no moment herein.

Testator conveyed all of his personal property to his two daughters, but conveyed his real property to them as trustees. The will requires them to manage, control, or lease the property until sale, and permits them by agreement to sell it in whole or in part, in which event they are to pay a $2,000 bequest made contingent upon sale and divide the net proceeds between them. If the land is not sold during the lifetime of the trustees, it must be sold by the surviving trustee within 1 year, and after payment of the bequest made contingent on the sale, the net proceeds are to be divided one-half to

the surviving trustee and the other one-half to the children of the deceased trustee.

There is nothing contrary to law or public policy in the provisions of the will. The intent to put the real estate in trust is clear. It is evident that testator purposely put his real property in trust rather than devising it directly to his daughters, as he did his personal property. Obviously, he did not intend them to have a devise in fee simple. Why we can only speculate. By doing so he avoids the effect of a devise in fee simple. Legal title vests in them as trustees. The trust prevents either daughter from forcing a sale or partition of the real estate without the consent of the other during their lifetime. Neither daughter can sell or mortgage an undivided interest in the property. As trustees, both daughters must jointly make all decisions on the control, operation, and management of the property. By forcing a sale of all of the property within a year after the death of the first trustee to die, testator has avoided any possible partition action among the survivors. It is significant that upon the forced sale of the property after the death of the first trustee to die, the net proceeds are not distributable to the heirs of the deceased trustee but to her children per stirpes. It is also significant that testator made the $2,000 legacy to the husband of a deceased daughter payable after the sale of the real estate, and provided that if paid within 60 days thereafter, there would be no interest.

A trust is passive if it imposes no affirmative duties upon the trustee but merely conveys the bare legal title to him with all beneficial use passing to the cestui que trust. That is not the situation here. The trustees do have affirmative duties in addition to the control and management of the trust estate. They may sell the land, but if they do not, the survivor is eventually required to do so. After a sale the legacy contingent on sale must be paid and then distribution is to be made of the net proceeds in accordance with the terms given in the will.

It is obvious from the will that the daughters could operate and manage the land only as trustees. There is no power in the will permitting them to convey the land to themselves to terminate the trust, as they attempted to do by the deed of December 20, 1968. As we construe the will, the testator never intended his daughters to have the legal title to the land. They were given the power of sale and the right to the net proceeds if the land was sold during their lifetime, but their only right to convey was pursuant to a sale. The trust can only be terminated by the sale of the land and the distribution of the proceeds in accordance with the terms of the will.

Even if we were to consider the conveyance of December 20, 1968, as an attempted family settlement, it is not effective for that purpose. This jurisdiction is partial to family settlements when all parties are in full agreement. However, that remedy is not available herein because we have heretofore declared that a family settlement cannot extinguish a trust. See In re Estate of Mowinkel, 130 Neb. 10, 263 N. W. 488, in which we held: "While, as a general rule, a family settlement may provide for disbursement of the estate of testator in a manner at variance with his will, a valid, unexecuted testamentary trust cannot thus be modified or destroyed."

When an act or agreement of the parties disappoints the purpose of the settlor by divesting the property from the purposes named, such act or agreement is void ab initio. Lancaster County Bank v. Marshel, 130 Neb. 141, 264 N. W. 470.

The judgment of the trial court is affirmed.

AFFIRMED.