RUTH POHLMANN, BY AND THROUGH MERLYN POHLMANN,
HER ATTORNEY IN FACT AND NEXT FRIEND, APPELLANT,
V. NEBRASKA DEPARTMENT OF HEALTH AND
HUMAN SERVICES ET AL., APPELLEES.
710 N.W.2d 639

Filed March 10, 2006.   No. S-04-1327.

Les Seiler, Lisa D. Stava, and Adam D. Pavelka, of Seiler & Parker, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, Royce N. Harper, Douglas D. Dexter, and Jerry M. Harre, Senior Certified Law Student, for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is an appeal from an order of the district court for Lancaster County affirming an order of the Nebraska Department of Health and Human Services (DHHS) which denied Ruth Pohlmann's application for Medicaid benefits. The denial was based upon Ruth's status as a beneficiary of a testamentary trust established by her late husband, Herman Pohlmann. We reverse, based upon our conclusion that DHHS and the district court erred in determining that the trust corpus was a disqualifying asset.

## FACTS

On August 10, 1982, Herman executed his last will and testament, which provided for the creation of two separate trusts following his death. A marital trust was to be established using the residue of any property that Herman owned at death and that he did not otherwise dispose of in the rest of his will. Herman's wife, Ruth, was to receive all of the net income from this trust and was entitled to disbursement of all or a part of the principal upon her written request or, should she become incapacitated, at her trustee's discretion, for her health, education, support, or maintenance. The second trust, the Herman and Ruth C. Pohlmann Family Trust (Family Trust), was to be funded with an amount of Herman's property, real or personal, "equal to the unified credit (allowable in determining the federal estate tax payable by reason of [Herman's] death, i.e. unified credit $62,800 equals $225,000 tax exempt property)." The will directed that Ruth was to receive from the Family Trust "all of the accumulative income from the individual funds and such portion of the principal as [the trustee] may, from time to time, deem appropriate for her health, education, support or maintenance." Ruth's

rights with respect to the corpus of the Family Trust were to end should she remarry, at which time she would be entitled to the income only. Herman and Ruth's children and grandchildren were beneficiaries of the remainder of the Family Trust. Herman's will appointed Ruth as personal representative of his estate or, alternatively, their two children Merlyn Pohlmann and Verona Lee Gumaer as copersonal representatives.

Following Herman's death, his will was admitted to probate, and on January 24, 2000, the copersonal representatives executed two deeds of distribution conveying four parcels of real property to the trustee of the Family Trust. The deeds of distribution were recorded in Thayer County, Nebraska, on March 2, 2002. The marital trust was never funded.

On June 6, 2003, Merlyn, as attorney in fact for Ruth, applied to DHHS for Medicaid benefits on her behalf. At that time and during the pendency of this case, Ruth was a resident of a nursing home in Deshler, Nebraska. On June 30, DHHS denied Ruth's request for Medicaid benefits after determining that she was ineligible for assistance because she had available resources exceeding the program standard of $4,000. The decision was based in part upon the balance in her bank accounts and in part upon resources which DHHS believed were available to Ruth under the testamentary trust established by Herman's will. Merlyn appealed the decision on Ruth's behalf, contending that while the income from the Family Trust was an available resource, the corpus of the trust was not. A hearing was held on October 1. At the time of the hearing, the balance in Ruth's bank accounts was less than the $4,000 disqualification limit. The hearing officer affirmed the DHHS decision, based upon her reading of the provisions concerning the marital trust and the application of 42 U.S.C. § 1396p(d)(3)(B)(i) (2000), which deems that resources of an irrevocable trust are available to an applicant if there are "any circumstances" under which payment could be made for the benefit of the applicant.

A petition for review of the DHHS decision was filed on Ruth's behalf pursuant to the Administrative Procedure Act. The district court for Lancaster County affirmed the DHHS decision. In its order, the court noted that the marital trust had never been funded and thus limited its review to the Family Trust. Applying

the "any circumstances" test of § 1396p(d)(3)(B)(i) and 469 Neb. Admin. Code, ch. 2, § 009.07A5b(2) (2001), to the language of the Family Trust, the district court found that Ruth "*could* receive payments from the irrevocable Family Trust to pay for her medical expenses." It held that she was therefore ineligible for Medicaid benefits. Ruth filed this timely appeal.

## ASSIGNMENT OF ERROR

Ruth assigns, restated, that the district court erred in determining that the corpus of the Family Trust was an available resource for purposes of determining her eligibility for Medicaid benefits.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *McCray v. Nebraska State Patrol, ante* p. 1, 710 N.W.2d 300 (2006); *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.* Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *McCray v. Nebraska State Patrol, supra*; *Stejskal v. Department of Admin. Servs.*, 266 Neb. 346, 665 N.W.2d 576 (2003).

## ANALYSIS

The marital trust provided for in Herman's will was never funded. Therefore, we need only examine the decision below in the context of the Family Trust. We are presented with the question of whether the corpus of an irrevocable, discretionary testamentary trust is a resource available to the beneficiary spouse of the grantor for purposes of determining the spouse's eligibility for Medicaid benefits. Medicaid is a cooperative federal program supervised by the U.S. Department of Health and Human Services through the Health Care Financing Administration. See, 42 U.S.C. § 1396 et seq. (2000); *Bethesda Found. v.*

*Nebraska Dept. of Soc. Servs.*, 243 Neb. 130, 498 N.W.2d 86 (1993); *Boruch v. Nebraska Dept. of Health & Human Servs.*, 11 Neb. App. 713, 659 N.W.2d 848 (2003). Medicaid funds are used to provide medical assistance to persons whose resources are insufficient to meet the cost of necessary medical care. *Boruch v. Nebraska Dept. of Health & Human Servs., supra.* A state is not obligated to participate in the Medicaid program; however, once it has voluntarily elected to participate, it must comply with standards and requirements imposed by federal statutes and regulations. *Haven Home, Inc. v. Department of Pub. Welfare*, 216 Neb. 731, 346 N.W.2d 225 (1984); *Boruch v. Nebraska Dept. of Health & Human Servs., supra.* Nebraska has elected to participate in the Medicaid program by its enactment of Neb. Rev. Stat. § 68-1018 et seq. (Reissue 2003, Cum. Supp. 2004 & Supp. 2005), and DHHS is responsible for the administration of the Medicaid program in this state. *Bethesda Found. v. Nebraska Dept. of Soc. Servs., supra*; *Boruch v. Nebraska Dept. of Health & Human Servs., supra.*

Under federal law, a state participating in the Medicaid program must establish resource standards for the determination of eligibility. § 1396a(a)(17)(B). These standards must take into account "only such income and resources as are, as determined in accordance with standards prescribed by the Secretary [of the U.S. Department of Health and Human Services], available to the applicant or recipient." § 1396a(a)(17)(B). See, *Himes v. Shalala*, 999 F.2d 684 (2d Cir. 1993); *Martin v. Kansas Dept. of SRS*, 26 Kan. App. 2d 511, 988 P.2d 1217 (1999).

Both DHHS and the district court utilized § 1396p(d) in determining whether the Family Trust corpus was a resource available to Ruth. For purposes of that subsection,

> an individual shall be considered to have established a trust if assets of the individual were used to form all or part of the corpus of the trust and if any of the following individuals established such trust *other than by will*:
>
> (i) The individual.
>
> (ii) The individual's spouse.
>
> (iii) A person, including a court or administrative body, with legal authority to act in place of or on behalf of the individual or the individual's spouse.

(iv) A person, including any court or administrative body, acting at the direction or upon the request of the individual or the individual's spouse.

(Emphasis supplied.) § 1396p(d)(2)(A). With respect to irrevocable trusts, the federal statute further provides that

if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could be made shall be considered resources available to the individual.

§ 1396p(d)(3)(B)(i).

In this case, DHHS and the district court applied the "any circumstances" test of § 1396p(d)(3)(B)(i) and the corresponding provision in 469 Neb. Admin. Code, ch. 2, § 009.07A5b(2), and concluded that because the trustee in the exercise of his discretion *could* make payments from the Family Trust to Ruth, the corpus was an available resource which disqualified her from receiving Medicaid benefits. This reasoning mirrors that of the Nebraska Court of Appeals in *Boruch v. Nebraska Dept. of Health & Human Servs.*, 11 Neb. App. 713, 718, 659 N.W.2d 848, 853 (2003), in which the Court of Appeals wrote that

under the plain language of § 1396p(d), if a person establishes an irrevocable trust with his or her assets and the individual is able, under *any circumstances*, to benefit from the corpus of the trust or the income derived from the trust, the individual is considered to have formed a trust which is counted in the determination of Medicaid eligibility.

However, *Boruch* involved a self-settled inter vivos trust in which the Medicaid applicant was both the grantor and the beneficiary. Here, it is undisputed that the Family Trust was established through the will of Herman. Ruth argues that this fact precludes application of the "any circumstances" test because the "other than by will" language in § 1396p(d)(2)(A) specifically exempts testamentary trusts from the scope of § 1396p. See, also, 469 Neb. Admin. Code, ch. 2, § 009.07A5a.

We find merit in this argument. As the Court of Appeals noted in *Boruch*, § 1396p was enacted in 1993 to restrict a loophole in the Medicaid act through which self-settled trusts were used

to exclude assets from consideration for Medicaid eligibility purposes. See, also, *Skindzier v. Com'r of Social Services*, 258 Conn. 642, 784 A.2d 323 (2001). For Medicaid eligibility purposes, the corpus of a self-settled trust is an available resource under § 1396p(d)(3)(B)(i) if the "any circumstances" test is met. If the test is not met, the corpus is considered an asset disposed of by the individual for purposes of § 1396p(c). See § 1396p(d)(3)(B)(ii). However, the plain meaning of the phrase "other than by will" in § 1396p(d)(2)(A) and the corresponding Nebraska regulation make it clear that a Medicaid applicant cannot be considered to have established a trust for purposes of the restrictions imposed by § 1396p(d) if the trust was established by will. See *Skindzier v. Com'r of Social Services, supra.* The State Medicaid Manual, promulgated by the Health Care Financing Administration as a means of issuing policies and procedures to state agencies administrating Medicaid, specifically provides that for purposes of determining eligibility under § 1396p, the term trust "does not cover trusts established by will." Health Care Fin. Admin., U.S. Dept. of Health and Human Servs., Pub. No. 45, State Medicaid Manual § 3259.1(A)(1) at 3-3-109.24 (rev. 64, Nov. 1994). Because the trust at issue here was not self-settled, but, rather, was testamentary, it was not within the purview of § 1396p(d)(3)(B)(i) and 469 Neb. Admin. Code, ch. 2, § 009.07A5b(2). DHHS and the district court thus erred in applying the "any circumstances" test to determine the availability of the trust corpus for purposes of Ruth's Medicaid eligibility.

We acknowledge the argument made by DHHS that the statutory exemption of testamentary trusts from § 1396p seems inconsistent with the underlying purpose of Medicaid, which is to provide medical assistance to those who have no other financial means. However, we must also agree with the statement by the Supreme Court of Connecticut in *Skindzier* that "we have no authority to impose a different rule simply because, in our opinion, it would better implement the legislative policy of minimizing the fiscal risk to [Medicaid]." *Id.* at 661, 784 A.2d at 335. Instead, like the Connecticut court, we are " 'precluded from substituting [our] own ideas of what might be a wise provision

in place of a clear expression of legislative will.'" See *id.* at 661, 784 A.2d at 336.

■ DHHS alternatively argues that by not exercising her right of election as a surviving spouse, Ruth allowed her assets to fund the Family Trust created by Herman's will, thus bringing the trust within the scope of § 1396p(d). DHHS relies upon *Miller v. SRS*, 275 Kan. 349, 64 P.3d 395 (2003), in which the Kansas Supreme Court upheld an administrative determination that a widow's decision not to claim her spousal elective share resulted in a trust established by the widow with her own funds for her own benefit, and not a trust created by will, thereby bringing the trust corpus within the scope of § 1396p(d). We do not reach this issue because neither DHHS nor the district court was asked to make a determination that Ruth created a self-settled trust by not electing her spousal share, and the record is silent on the issue. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *In re Application of Metropolitan Util. Dist.*, 270 Neb. 494, 704 N.W.2d 237 (2005); *Hauser v. Nebraska Police Stds. Adv. Council*, 269 Neb. 541, 694 N.W.2d 171 (2005).

Our determination that the "any circumstances" test was erroneously applied in this case does not conclusively resolve the question of whether the Family Trust corpus was an available resource for Medicaid eligibility purposes. Nebraska regulations provide that "[t]estamentary trusts may be excluded as resources, depending on the terms of the trust." 469 Neb. Admin. Code, ch. 2, § 009.07A5g (2001). Under the Nebraska Uniform Trust Code, "'[t]erms of a trust' means the manifestation of the settlor's intent regarding a trust's provisions as expressed in the trust instrument or as may be established by other evidence that would be admissible in a judicial proceeding." Neb. Rev. Stat. § 30-3803(19) (Supp. 2005). See, also, Neb. Rev. Stat. § 30-38,110 (Cum. Supp. 2004). In analyzing the terms of a testamentary trust to determine if the corpus is "available" to a beneficiary for purposes of Medicaid eligibility, courts have looked to whether the trust is a support trust or a discretionary trust. See, *Miller v. SRS, supra*; *Eckes v. Richland Cty. Soc. Ser.*, 621 N.W.2d 851 (N.D. 2001). We find the following formulation by

the Supreme Court of North Dakota helpful where, as here, the beneficiary is not a cotrustee:

> The settlor's intent determines whether a trust is classified as a support or a discretionary trust, which in turn determines what portion of the trust is available to an applicant for the purpose of qualifiying for Medicaid benefits. . . . A support trust essentially provides the trustee "shall pay or apply only so much of the income and principal or either as is necessary for the education or support of a beneficiary."
>
> . . . A support trust allows a beneficiary to compel distributions of income, principal, or both, for expenses necessary for the beneficiary's support, and an agency may consider the support trust as an available asset when evaluating eligibility for assistance. . . .
>
> Conversely, a discretionary trust grants the trustee "uncontrolled discretion over payment to the beneficiary" and may reference the "general welfare" of the beneficiary. . . . Because the beneficiary of a discretionary trust does not have the ability to compel distributions from the trust, only those distributions of income, principal, or both, actually made by the trustee may be considered by the agency as available assets when evaluating eligibility for assistance.

(Citations omitted.) *Eckes v. Richland Cty. Soc. Ser.*, 621 N.W.2d at 855-56. See, also, Restatement (Third) of Trusts § 60 (2003).

The key provision of the Family Trust stated that the trustee was to pay Ruth "all of the accumulative income from the individual funds *and such portion of the principal as it may, from time to time, deem appropriate for her health, education, support or maintenance.*" (Emphasis supplied.) Although not in the context of a Medicaid eligibility determination, we have held that similar discretionary powers granted to a trustee do not create a right of the beneficiary to compel payments from the trust. See, *Doksansky v. Norwest Bank Neb.*, 260 Neb. 100, 615 N.W.2d 104 (2000); *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994). In this case, DHHS concedes that the Family Trust is discretionary with respect to distributions of corpus, and we likewise conclude. Because Ruth cannot compel a distribution

from the Family Trust corpus, it is not an available asset for purposes of determining her eligibility for Medicaid benefits.

## CONCLUSION

The judgment of the district court affirming the order of DHHS does not conform to the law because it is based upon the "any circumstances" test of § 1396p(d)(3)(B)(i) and 469 Neb. Admin. Code, ch. 2, § 009.07A5b(2), both of which are inapplicable to the testamentary trust at issue in this case. We conclude as a matter of law that the Family Trust created by Herman's will is discretionary in nature, such that the beneficiary, Ruth, may not compel a distribution from its corpus and that therefore, such corpus is not an available asset for purposes of determining Ruth's eligibility for Medicaid benefits but must be excluded for this purpose under 469 Neb. Admin. Code, ch. 2, § 009.07A5g. Accordingly, we reverse the judgment of the district court and remand the cause with directions to vacate the DHHS order and remand to that agency for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., not participating.