Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2019 09:06 AM CST

- 838 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

Donna G., as mother and next friend of Eric S.,
a minor child, appellant, v. Nebraska Department
of Health and Human Services and Calder A.
Lynch, director, Division of Medicaid and
Long-Term Care, appellees.

___ N.W.2d ___

Filed December 14, 2018.    No. S-17-712.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified for errors appearing on the record.

2. \_\_\_\_: \_\_\_\_: \_\_\_\_. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Judgments: Appeal and Error.** Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.

4. **Trusts: Intent.** Whether a testamentary trust amended by a probate court order pursuant to Neb. Rev. Stat. §§ 30-24,123 and 30-24,124 (Reissue 2016) remains a testamentary trust is a question of law.

5. **Trusts: Medical Assistance: Intent.** When a testamentary trust is modified by a court-approved compromise agreement, the question whether it retains its testamentary character for purposes of determining a beneficiary's Medicaid eligibility will depend on both the nature of the parties' agreement and the court's order approving it.

6. \_\_\_\_: \_\_\_\_: \_\_\_\_. When analyzing the terms of a testamentary trust to determine if the trust corpus is "available" for purposes of Medicaid eligibility, courts look to whether the trust is a support trust or a discretionary trust.

- 839 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

7. **Trusts: Medical Assistance.** When a testamentary support trust allows a beneficiary to compel distributions of income, principal, or both, for expenses necessary for the beneficiary's support, the trust may be considered as an available asset when evaluating Medicaid eligibility.

8. \_\_\_\_: \_\_\_\_. When a testamentary trust grants the trustee uncontrolled discretion over payments to the beneficiary, it is considered a discretionary trust for purposes of Medicaid eligibility. Because the beneficiary of a discretionary trust does not have the ability to compel distributions from the trust, only those distributions of income, principal, or both actually made by the trustee may be considered as available assets when evaluating Medicaid eligibility.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Reversed and remanded with directions.

Randy Fair, of Dudden & Fair, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Ryan C. Gilbride for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG JJ.

STACY, J.
The Nebraska Department of Health and Human Services (DHHS) terminated the Medicaid benefits of Eric S., and the district court affirmed. Eric's court-appointed guardian and conservator appeals. The primary issue on appeal is whether the corpus of a trust is available to Eric for purposes of determining his Medicaid eligibility. For the reasons set forth below, we reverse, and remand with directions.

## I. BACKGROUND

Eric is a young man with cerebral palsy. Before July 1, 2016, he was receiving "Aid to the Aged, Blind or Disabled" Medicaid waiver services.[1] The date Eric began receiving such services is not clear from the record.

---

[1] See Neb. Rev. Stat. §§ 68-1002 to 68-1005 (Reissue 2009).

- 840 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

In 2012, Eric's grandmother, Lois Branting, executed her last will and testament. Branting's will devised all of her property, in equal shares, to her grandchildren living at the time of her death. The will further provided that "should any of my grandchildren be under the age of thirty (30) years at the date of my death, then all of my property shall instead be distributed to my Trustee to be held pursuant to the provisions of paragraph 5 below." Paragraph 5 of the will was titled "Grandchildren's Trust" and provided in pertinent part:

> 5.1 My trustee shall hold all property devised to my trustee for the benefit of my grandchildren who shall survive me and of the then living issue of any of my grandchildren who shall not survive me, upon the following terms and conditions:
>
> 5.2 During the term of this trust, my trustee shall apply such part of the net income and principal of this trust as shall from time to time be necessary or appropriate to the support, care, maintenance, medical expense, educational expense and general welfare of my trust beneficiaries in such amounts and proportions as my trustee, in the sole and uncontrolled discretion of my trustee, shall deem advisable, and shall accumulate and add to principal any net income not used for such purposes.
>
> 5.3 At such time as my youngest living grandchild shall reach the age of thirty (30) years, this trust shall terminate and all principal and accumulated income, after the payment of closing expenses, shall be distributed in equal shares, to my then living grandchildren and the then living issue of any grandchild of mine who shall then be deceased, so that there shall be one such equal share for each living grandchild of mine and one such equal share for the then living issue of any grandchild of mine who shall then be deceased to be shared by said issue by right of representation.

When Branting died on November 29, 2014, she was survived by four grandchildren, all of whom were minors.

- 841 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

In December 2015, the parents of Branting's grandchildren entered into a written agreement with Branting's personal representative to split the Grandchildren's Trust into two separate trusts: one solely for the benefit of Eric (Eric's Trust), and another for the benefit of the remaining three grandchildren. That agreement recited in part:

> [T]he four grandchildren . . . who are the beneficiaries of the . . . Grandchildren's Trust . . . are in very different situations and will have very different needs in the future. [The parents] have further determined that it would be best for the grandchildren . . . if the [Grandchildren's Trust] was separated into one Trust for the benefit of [Eric] and another separate Trust for the benefit of [the other three grandchildren]. Specifically, [Eric] would be best benefitted if his separate Trust had special needs provisions which would enable for him to receive property from the [Branting Estate] without significantly reducing the benefits which he receives from various government agencies as a result of his physical and mental disabilities. They have further determined that it would be best for the beneficiaries of the two new Trusts if the Trust for the Benefit of [Eric] were to receive the 25% of the Estate to which he is entitled in cash to the fullest extent possible, and the Trust for [the other three grandchildren] would receive the Real Estate still owned by the Estate which includes the residence in which they have been and will be raised together with any remaining assets together totaling 75% of whatever assets remain in the Estate on the date of distribution.

Beyond referencing "special needs provisions" for Eric, the agreement did not include additional trust terms for the split trusts, but merely recited the pertinent provisions of Branting's will, including the sections establishing and setting out the terms of the Grandchildren's Trust.

After the agreement was reached, Branting's personal representative petitioned the probate court, pursuant to Neb. Rev.

- 842 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

Stat. § 30-24,124 (Reissue 2016), to approve the agreement and split the Grandchildren's Trust. The probate court did so in an order entered December 28, 2015, which provided:

> Pursuant to the provisions of Neb. Rev. Stat. §30-24, 124 the Court finds that the effect of the provisions of the Agreement upon the interests of the interested persons is just and reasonable and therefore the Agreement is . . . approved, and the Petitioner as Personal Representative of the Estate shall make all further disposition of the Estate in accordance with the terms of the Agreement.

After the probate court's order was entered, the separate trusts were funded in accordance with the agreement and separate trustees were appointed for the two trusts. The probate court's order was not appealed, and no party to the instant appeal has questioned the provisions of the probate order or the procedure followed in the probate court.

The balance of Eric's Trust was $512,380.39 as of May 16, 2016. DHHS regulations establish that the maximum available resources one may own and still be considered eligible for Medicaid is $4,000.[2] Eric's mother, Donna G., serves as his court-appointed guardian and conservator.

In April 2016, Donna informed DHHS that Eric had what she referred to as a "Special Needs Trust." One month later, DHHS determined that the entire corpus of Eric's Trust was an available resource for purposes of determining his Medicaid eligibility. In June, DHHS mailed a notice of action advising that Eric's Medicaid coverage and Medicaid waiver services would end effective July 1, 2016, because he was ineligible for Medicaid due to excess resources.

In response to the notice of action, Donna requested and was given an administrative hearing, after which DHHS affirmed its decision terminating benefits. Donna timely filed a petition for judicial review in the Lancaster County

---

[2] See 477 Neb. Admin. Code, ch. 21, § 001.17 (2014).

- 843 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

District Court, challenging DHHS' decision pursuant to the Administrative Procedure Act.[3]

The district court affirmed DHHS' decision to terminate benefits, finding that the entire corpus of Eric's Trust was an available resource for purposes of determining his Medicaid eligibility. The court first considered the nature of Eric's Trust. The court concluded it was not a testamentary trust, reasoning it was the product of action taken in the probate court. And it concluded Eric's Trust was not a special needs trust, because it lacked the necessary special needs provisions. Thus, by process of elimination, the court found Eric's Trust was properly characterized as an "irrevocable trust created after August 11, 1993."[4]

The court next considered the DHHS regulation governing treatment of such a trust, which provides:

> If there are any circumstances under which payment from the trust corpus could be made to or for the benefit of the client . . . the portion of the corpus from which payment to or for the benefit of the client . . . could be made must be considered a resource available to the client.[5]

Applying this standard, the district court found there were circumstances under which the trust corpus could be paid to Eric, and thus concluded the corpus was an available resource for purposes of determining his Medicaid eligibility.[6]

Alternatively, the district court reasoned that even if Eric's Trust was a testamentary trust, it would still be considered an available resource for purposes of determining his Medicaid eligibility.[7] The court noted the language of Eric's Trust had elements of both a support trust and a discretionary trust, and concluded it was the type of hybrid "'discretionary support

---

[3] Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2014).

[4] See 477 Neb. Admin. Code, ch. 21, § 001.15A13b (2014).

[5] § 001.15A13b(1)2.

[6] See § 001.15A13b(1) and (2).

[7] See 477 Neb. Admin. Code, ch. 21, § 001.15A12 (2014).

trust'" this court discussed in *Smith v. Smith*.[8] In *Smith*, we held that "the trustee of a discretionary support trust can be compelled to carry out the purposes of the trust in good faith."[9] Applying this principle, the court reasoned that if Eric could compel his trustee to carry out the purpose of Eric's Trust in good faith, he could also compel the trustee to make distributions from it for his medical expenses. Thus, the court concluded that even if Eric's Trust was considered testamentary, the entire corpus was still an available resource for purposes of determining his Medicaid eligibility.

Donna timely appealed the district court's judgment, and we moved the case to our docket on our own motion.[10]

## II. ASSIGNMENTS OF ERROR

Donna assigns, restated, that the district court erred when it included Eric's Trust as an available resource for purposes of determining his Medicaid eligibility, because (1) the trust is testamentary and (2) the trust is discretionary.

## III. STANDARD OF REVIEW

[1] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified for errors appearing on the record.[11]

[2] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[12]

---

[8] *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994).

[9] *Id.* at 198, 517 N.W.2d at 398.

[10] Neb. Rev. Stat. § 24-1106 (Supp. 2017).

[11] § 84-918; *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[12] *J.S., supra* note 11.

- 845 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

[3] Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.[13]

## IV. ANALYSIS

We begin with an overview of the regulatory framework that governs our analysis. Medicaid is a joint federal and state funding program that provides medical care for individuals whose resources are insufficient to meet the cost of necessary medical care.[14] The program provides federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons.[15] A state is not obligated to participate in the Medicaid program; however, once a state has elected to participate, it must comply with standards and requirements imposed by federal statutes and regulations.[16]

Nebraska adopted the federal Medicaid scheme in the Medical Assistance Act.[17] Eligibility for Medicaid is set out in § 68-915, and it includes persons who qualify for assistance under Nebraska's program for assistance to the aged, blind, or disabled.[18]

DHHS is tasked with administering Nebraska's Medicaid program for the aged, blind, or disabled,[19] and has been given the authority to promulgate regulations for the program.[20] DHHS regulations establish $4,000 as the maximum

---

[13] *Pohlmann v. Nebraska Dept. of Health & Human Servs.*, 271 Neb. 272, 710 N.W.2d 639 (2006).

[14] *In re Estate of Vollmann*, 296 Neb. 659, 896 N.W.2d 576 (2017).

[15] *Id.*

[16] *Id.*

[17] See Neb. Rev. Stat. §§ 68-901 to 68-991 (Reissue 2009, Cum. Supp. 2016 & Supp. 2017).

[18] See §§ 68-915(2) and 68-1002 through 68-1005.

[19] See § 68-1001.

[20] See § 68-1001.01.

- 846 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

available resources one may own and still be considered eligible for Medicaid.[21] As stated, the balance of Eric's Trust was $512,380.39 in May 2016. Eric's Medicaid benefits were properly terminated only if Eric's Trust is considered an "available resource" for purposes of determining his Medicaid eligibility. DHHS regulations define "available resources" as "cash or other liquid assets or any type of real or personal property or interest in property that the client owns and may convert into cash to be used for support and maintenance."[22] Generally speaking, DHHS regulations treat trust assets as "[l]iquid resources," which regulations define as "assets that are in cash or financial instruments which are convertible to cash."[23]

1. Nature of Eric's Trust

When determining which trust assets are "available resources" for purposes of Medicaid eligibility, DHHS regulations treat trust assets differently depending on the nature of the trust. Consequently, the nature of Eric's Trust must be determined as a threshold matter.

As relevant here, DHHS regulations differentiate between testamentary trusts,[24] revocable trusts,[25] and irrevocable trusts created after August 11, 1993.[26] The parties agree that Eric's Trust is not a revocable trust, so we limit our analysis to whether it is properly characterized as either a testamentary trust or an irrevocable trust created after August 11, 1993.

(a) Testamentary Trusts

A Nebraska statute defines a testamentary trust as "a trust created by devising or bequeathing property in trust in a

---

[21] See § 001.17.

[22] 477 Neb. Admin. Code, ch. 21, § 001.03 (2014).

[23] 477 Neb. Admin. Code, ch. 21, § 001.15A (2014).

[24] See § 001.15A12.

[25] See 477 Neb. Admin. Code, ch. 21, § 001.15A10 (2014).

[26] See § 001.15A13b.

- 847 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

will as such terms are used in the Nebraska Probate Code."[27] Under DHHS regulations, if a trust is testamentary, it may be excluded as a resource "depending on the availability of the funds to the individual or his/her spouse as specified in the terms of the trust."[28]

### (b) Irrevocable Trusts

DHHS regulations provide that an irrevocable trust is one created by an individual "who establishes a trust, who is a beneficiary of a trust, and who is an applicant or recipient of Medicaid."[29] Individuals are considered to have established such a trust if the individual's assets "were used to form a part or the entire corpus of the trust *other than by will*."[30] Under this regulatory definition, irrevocable trusts can be established by the individual, his or her spouse, or by "any court or administrative body, acting at the direction or upon the request of the individual or the individual's spouse."[31]

If an irrevocable trust is properly classified as one established on or after August 11, 1993, DHHS regulations provide the trust corpus will generally be included in the individual's resources for purposes of determining Medicaid eligibility if the "any circumstances" test is met.[32] That test provides:

> If there are any circumstances under which payment from the trust corpus could be made to or for the benefit of the client . . . the portion of the corpus from which payment to or for the benefit of the client . . . could be made must be considered a resource available to the client.[33]

---

[27] Neb. Rev. Stat. § 76-1514 (Reissue 2009).

[28] § 001.15A12.

[29] § 001.15A13b.

[30] *Id*. (emphasis supplied).

[31] § 001.15A13b4.

[32] See § 001.15A13b(1) and (2).

[33] § 001.15A13b(1)2.

- 848 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

For the sake of completeness, we note the "any circumstances" test does not apply if an irrevocable trust is also either a special needs trust or a pooled trust as defined by DHHS regulations,[34] nor does it apply if denial of Medicaid would "cause undue hardship."[35] But here, no party contends that Eric's Trust is a special needs or a pooled trust, nor has an undue hardship waiver been claimed, so we limit our analysis accordingly.

### (c) Eric's Trust Is Testamentary

It is undisputed that the original Grandchildren's Trust created by Branting's will was a testamentary trust. The parties dispute whether the subsequent agreement to split the testamentary trust, and the probate court's approval of that agreement, changed the fundamental nature of the trust for purposes of Medicaid eligibility. DHHS argues that Eric's Trust was created by the probate court's using the procedures of Neb. Rev. Stat. § 30-24,123 (Reissue 2016) and § 30-24,124, and thus became either a self-settled or court-settled irrevocable trust. Eric's guardian and conservator argues the testamentary nature of the trust was unchanged by the probate proceedings.

[4] Whether a testamentary trust amended by a probate court order pursuant to §§ 30-24,123 and 30-24,124 remains a testamentary trust is a question of law.[36] When reviewing questions of law, an appellate court reaches a conclusion independent of the determination reached by the court below.[37]

It is true Eric's Trust would not exist as a separate trust without the probate order approving the agreement to split the trust, but we are unpersuaded by DHHS' contention that Eric's Trust lost its testamentary character by virtue of the probate court proceedings. We find such a contention difficult

---

[34] See § 001.15A13b(1)(a).

[35] § 001.15A13b(3).

[36] See *In re Trust Created by Hansen*, 274 Neb. 199, 208, 739 N.W.2d 170, 178 (2007) ("the type of trust . . . created is a question of law").

[37] See *In re Estate of Psota*, 297 Neb. 570, 900 N.W.2d 790 (2017).

- 849 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

to reconcile with either the facts of this case or the statutes on which the Branting grandchildren and the probate court relied to split the original testamentary trust.

Prior to the Legislature's adoption of §§ 30-24,123 and 30-24,124 in 1974, agreements to modify testamentary trusts were generally not allowed, pursuant to the common-law rule that although a compromise "'may provide for disbursement of the estate of testator in a manner at variance with his will, a valid, unexecuted testamentary trust cannot thus be modified or destroyed.'"[38] The rationale for this rule was that "[w]hen an act or agreement of the parties disappoints the purpose of the settlor by divesting the property from the purposes named, such act or agreement is void ab initio."[39]

The Legislature changed this common-law rule when it adopted §§ 30-24,123 and 30-24,124, which expressly allow for testamentary trusts to be affected by compromises. Specifically, § 30-24,123 states that "[a]n approved compromise is binding even though it may affect a trust or an inalienable interest."

The intent of the Legislature is expressed by omission as well as by inclusion,[40] and we see nothing in the statutory language indicating that testamentary trusts affected by an approved compromise necessarily lose their fundamental character. This conclusion is supported by the plain language of § 30-24,123, which recognizes that a "compromise does not impair the rights of creditors or of taxing authorities who are not parties to it."

[5] The question here is whether a testamentary trust which is modified by a court-approved compromise agreement retains its testamentary character for purposes of determining a beneficiary's Medicaid eligibility. The answer to that question will depend on both the nature of the parties' agreement and the

---

[38] *Cahill v. Armatys*, 185 Neb. 539, 544, 177 N.W.2d 277, 280 (1970), quoting *In re Estate of Mowinkel*, 130 Neb. 10, 263 N.W. 488 (1935).

[39] *Id.*

[40] *E.D. v. Bellevue Pub. Sch. Dist.*, 299 Neb. 621, 909 N.W.2d 652 (2018).

court's order approving it. But on this record, we conclude that neither the agreement to split the trust nor the court's order approving that agreement changed the nature of Eric's Trust from a testamentary trust into a self-settled or court-settled irrevocable trust.

The original Grandchildren's Trust was created by Branting's will, and even after that trust was split, the essential terms of the split trusts were derived from Branting's will—there is no separate trust document. The trust terms in Branting's will were recited verbatim in the agreement to split the testamentary trust, and when the probate court approved that agreement, it did not add or eliminate the trust terms. Moreover, the entire corpus of Eric's Trust was funded by Branting's estate pursuant to her will; none of Eric's assets were used to fund the trust.

Because the Grandchildren's Trust was established by Branting's will, the administration of Eric's Trust is still controlled by the language of that will, and the trust was funded exclusively from Branting's estate pursuant to the terms of her will, we conclude as a matter of law that Eric's Trust retained its character as a testamentary trust for purposes of determining Medicaid eligibility.[41]

## 2. Eric's Trust Is Not Available Asset

Having determined that Eric's Trust is properly characterized as a testamentary trust, we next consider the extent to which the trust corpus is "available" to him for purposes of determining his Medicaid eligibility. Here, DHHS argues the entire corpus of Eric's Trust is available for purposes of

---

[41] Accord *Pohlmann, supra* note 13, 271 Neb. at 278, 710 N.W.2d at 644 ("the plain meaning of the phrase 'other than by will' in [42 U.S.C.] § 1396p(d)(2)(A) [(2000)] and the corresponding Nebraska regulation make it clear that a Medicaid applicant cannot be considered to have established a trust for purposes of the restrictions imposed by § 1396p(d) if the trust was established by will").

- 851 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

determining his Medicaid eligibility. Under the regulations, an asset is "available" if it "may [be] convert[ed] into cash to be used for support and maintenance."[42] The central question then is whether, given the terms of Eric's Trust, he can compel the trustee to distribute the entire corpus of the trust for his support and maintenance.

[6] This court considered whether the corpus of a trust was available to a beneficiary for purposes of Medicaid eligibility in *Pohlmann v. Nebraska Dept. of Health & Human Servs*.[43] In that case, we recognized that when analyzing the terms of a testamentary trust to determine if the trust corpus is "available" for purposes of Medicaid eligibility, "courts have looked to whether the trust is a support trust or a discretionary trust."[44] We recited the basic difference between "support" trusts and "discretionary" trusts:

"A support trust essentially provides the trustee 'shall pay or apply only so much of the income and principal or either as is necessary for the education or support of a beneficiary.' . . . A support trust allows a beneficiary to compel distributions of income, principal, or both, for expenses necessary for the beneficiary's support, and [the agency administering Medicaid] may consider the support trust as an available asset when evaluating eligibility for assistance. . . .

"Conversely, a discretionary trust grants the trustee 'uncontrolled discretion over payment to the beneficiary' and may reference the 'general welfare' of the beneficiary. . . . Because the beneficiary of a discretionary trust does not have the ability to compel distributions from the trust, only those distributions of income, principal, or both, actually made by the trustee may be considered by

---

[42] § 001.03.

[43] *Pohlmann, supra* note 13.

[44] *Id*. at 279, 710 N.W.2d at 645.

- 852 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

[the agency administering Medicaid] as available assets when evaluating eligibility for assistance."[45]

The trust in *Pohlmann* provided the trustee was to pay "'all of the accumulative income from the individual funds *and such portion of the principal as it may, from time to time, deem appropriate for* [*the beneficiary's*] *health, education, support or maintenance.*'"[46] *Pohlmann* found the "key" provision in this trust language was the discretion afforded the trustee, and concluded that because the trustee could not be compelled to distribute the entire corpus, the trust was not an available asset for purposes of determining Medicaid eligibility.

We pause here to acknowledge that our analysis in *Pohlmann* contemplates a binary choice between "support" and "discretionary" trust provisions for purposes of determining Medicaid eligibility. In that regard, the approach adopted in *Pohlmann* is different than our treatment of similar trust terms in cases where the question is one of general trust administration or interpretation, and not Medicaid eligibility. An example of this is *Smith v. Smith*.[47]

In *Smith*, a former wife sought to compel a trustee to pay her former husband's child support arrearages from the assets of a trust which stated its purpose was for the "'health, support, care and maintenance'" of the husband and his issue.[48] The trust further provided that the trustee "'shall have full, absolute and uncontrolled discretionary power and authority to exercise or fail to exercise any and all of the powers . . . provided . . . .'"[49] *Smith* recognized that because the trust had attributes of both a discretionary trust and a support trust, it

---

[45] *Id*. at 280, 710 N.W.2d at 645, quoting *Eckes v. Richland Cty. Soc. Ser.*, 621 N.W.2d 851 (N.D. 2001).

[46] *Id*. at 280, 710 N.W.2d at 645 (emphasis in original).

[47] *Smith, supra* note 8.

[48] *Id*. at 195, 517 N.W.2d at 397.

[49] *Id*.

- 853 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

should be construed as a hybrid of the two—a "discretionary support trust."[50] In *Smith* and other cases construing discretionary support trusts in a non-Medicaid eligibility context, we have rejected the suggestion that either the discretionary terms or the support terms must be given operative effect to the exclusion of the other, and instead, we attempt to ascertain the intention of the testator and interpret the trust in a way that gives effect to all its terms.[51] Because support terms and discretionary terms are often in direct conflict with one another in a discretionary support trust, we have reconciled that tension by recognizing that although beneficiaries of such a trust cannot always compel the trustee to make payments for their benefit, "the trustee of a discretionary support trust can be compelled to carry out the purpose of the trust in good faith."[52] In *Smith*, we applied that "good faith" rule and concluded that payment of the child support arrearage would not further the purpose of the trust, because the husband's issue had become emancipated. As such, we held the trustee could not be compelled to distribute trust assets from the discretionary support trust to satisfy the child support arrearage.

Here, presumably because Eric's Trust contains both support terms and discretionary terms, DHHS urged application of the analysis from *Smith* governing the administration of discretionary support trusts, rather than the rule articulated in *Pohlmann*. If the instant case involved a dispute over the proper administration of Eric's Trust, we would agree it is a discretionary support trust, and would proceed to apply the

---

[50] *Id.* at 198, 517 N.W.2d at 398.

[51] See, e.g., *Smith, supra* note 8; *In re Will of Sullivan*, 144 Neb. 36, 12 N.W.2d 148 (1943). See, also, Restatement (Third) of Trusts § 60, Reporter's Notes, comment *a.* (2003) (rejecting historical distinction between discretionary trusts and support trusts as unnecessary because there is continuum of discretionary trusts with variety of support standards).

[52] See *Smith, supra* note 8, 246 Neb. at 198, 517 N.W.2d at 398. Accord *Doksansky v. Norwest Bank Neb.*, 260 Neb. 100, 615 N.W.2d 104 (2000).

- 854 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

general rules of construction applicable to such trusts. But the analysis of *Smith* and *Pohlmann* is not interchangeable, because the legal questions are not the same. In Medicaid eligibility cases involving testamentary trusts, the question is whether the beneficiary can compel a distribution of the entire corpus of the trust, not whether the trustee is carrying out the purpose of the trust in good faith.

Here, the district court's classification of Eric's Trust as a discretionary support trust necessarily took its analysis outside the framework of *Pohlmann*, and consequently the analysis did not conform with the applicable law governing Medicaid eligibility. Even though Eric's Trust contained both discretionary and support terms, the proper framework to apply when determining Medicaid eligibility is that set out in *Pohlmann*. Applying *Pohlmann* to the language of Eric's Trust, we conclude the trust is discretionary and, as such, it is not an available asset.

The relevant trust language provides:

> 5.2 During the term of this trust, my trustee shall apply such part of the net income and principal of this trust as shall from time to time be necessary or appropriate to the support, care, maintenance, medical expense, educational expense and general welfare of my trust beneficiaries *in such amounts and proportions as my trustee, in the sole and uncontrolled discretion of my trustee, shall deem advisable*, and shall accumulate and add to principal any net income not used for such purposes.

[7,8] *Pohlmann* instructs that when a testamentary support trust allows a beneficiary to compel distributions of income, principal, or both, for expenses necessary for the beneficiary's support, the trust may be considered as an available asset when evaluating Medicaid eligibility. But when a testamentary trust grants the trustee uncontrolled discretion over payments to the beneficiary, it is considered a discretionary trust for purposes of Medicaid eligibility. Because the beneficiary of a discretionary trust does not have the ability to compel distributions from

- 855 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
DONNA G. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 838

the trust, only those distributions of income, principal, or both actually made by the trustee may be considered as available assets when evaluating Medicaid eligibility.

Considering the terms of Eric's Trust under the *Pohlmann* framework, we conclude the discretion afforded the trustee here is even broader than that considered in *Pohlmann.* On this record, we conclude Eric lacks the ability to compel distribution of the corpus, and it thus is not an available asset for purposes of determining his Medicaid eligibility. As such, while any distributions actually made by the trustee can be considered as available assets when evaluating Eric's eligibility for Medicaid,[53] it was error to find the entire trust corpus was an available resource.

## V. CONCLUSION

Eric's Trust is properly characterized as a testamentary trust, and DHHS regulations provide that testamentary trusts may be excluded as resources "depending on the availability of the funds to the individual or his/her spouse as specified in the terms of the trust."[54] Under *Pohlmann*, courts determine whether testamentary trusts are "available" for purposes of Medicaid eligibility by determining whether the trust is properly classified as either a support trust or a discretionary trust. Applying *Pohlmann* here, we conclude Eric's Trust is a discretionary trust and he does not have the ability to compel distribution of the entire corpus. As such, we reverse the judgment of the district court and remand the matter to the district court for further consideration in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[53] See *Pohlmann, supra* note 13.

[54] § 001.15A12.